People v King (2024 NY Slip Op 05493)

People v King

2024 NY Slip Op 05493

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind No. 5303/13 5701/14 Appeal No. 2961-2961A Case No. 2017-3013 2021-01319 

[*1]The People of the State of New York, Respondent,
v
Corey King, Defendant-Appellant. 

Caprice R. Jenerson, Office of Appellate Defender, New York (Jennifer Blasser of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgments, Supreme Court, New York County (Anthony Ferrara, J., at plea and sentencing; Daniel P. Conviser, J., at resentencing), rendered November 29, 2016, as amended May 5, 2017, and January 29, 2021, convicting defendant, upon his pleas of guilty, of attempted criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 14 years to life, to run concurrently with defendant's aggregate prison term of 10 years for four Queens County convictions; and order, same court (Daniel P. Conviser, J.), entered on or about December 31, 2020, which granted defendant's motion to vacate judgment and set aside his sentences to the extent that it scheduled a resentencing proceeding at which defendant's sentences were pronounced to run concurrently to his previous 10-year term, and otherwise denied the motion, unanimously affirmed.
In response to defendant's CPL 440.10 and 440.20 motion, the court properly held that defendant was properly sentenced as a persistent violent felony offender. The omission of the "approximate time and place" of the offenses from the superior court informations in the predicate Queens County convictions was not a jurisdictional defect, and did not render those convictions constitutionally infirm, because such information was required only by CPL 195.20, not the Constitution (see People v Lang, 34 NY3d 545, 568 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; see also People v Walley, 36 NY3d 967, 968 [2020]). The court properly considered the superior court informations as well as the accusatory instruments in the predicate Queens County convictions in determining that defendant had ample notice of the charges against him (see Lang, 34 NY3d at 569).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024